EMILIO M. GARZA, Circuit Judge,
with whom SMITH, Circuit Judge, and STAGG,[9] District Judge, join, specially concurring:
After a careful and searching review of both the record and the relevant case law, I *574 conclude that I must concur in the majority opinion. I write separately to emphasize this Court’s disdain for the tactics employed in this case. During this litigation, the plaintiffs’ attorneys hid the ball, the defendants’ attorneys dropped the ball, and the courts were left holding the bag.
One year prior to filing suit in Texas state court, plaintiffs filed an essentially identical suit in Louisiana state court, with instructions to “please withhold service at this time.” The Louisiana suit was apparently a back-up suit, designed to ensure that plaintiffs would have a forum for their claims in the United States in the event they were unable to maintain their suit in Texas. To protect the Louisiana suit from interference, the plaintiffs made no statements concerning the lawsuit’s existence, keeping the suit “secret” until 1991. Only after we remanded the case in Baris v. Sulpicio Lines, Inc., 932 F.2d 1540 (5th Cir.), cert. denied, 502 U.S. 963, 112 S.Ct. 430, 116 L.Ed.2d 449 (1991) (“Baris I ”) did the plaintiffs raise the possibility of the Louisiana suit being affected by the proceedings in Texas federal court, and then only in passing. Had the district court been fully aware of the contents of the Louisiana suit, it may have ruled differently. Instead, the plaintiffs continued their charade, imploring this Court and the district court to make sure they had an adequate and available foreign forum before dismissing their Texas action. The federal courts dutifully adjudicated this issue, and the district court ultimately required the defendants to be amenable to suit in the Philippines.
Having successfully hidden the Louisiana suit, however, plaintiffs are now allowed to pursue essentially the same claims in both Louisiana and the Philippines, and the defendants have no defense against being subjected to suit in both places. We find plaintiffs’ manipulation of fora in this case deplorable. We expect attorneys, as officers of the court, to be more forthright in their actions before the courts. Instead, these attorneys chose to manipulate the courts, wasting our valuable time and energy.[10]
The defendants, however, are not blameless here either. According to the record, at least some of the defendants discovered the Louisiana suit as early as 1990. In 1991, we, without knowing the contents of the Louisiana suit, mentioned it in a footnote in Baris I. Baris I, 932 F.2d at 1549 n. 13. Further, the plaintiffs gave the suit cursory treatment in their brief to the district court before its second dismissal for forum non conveniens. Yet at no time prior to seeking this injunction did the defendants specifically raise the issue of the Louisiana suit before the district court. It is true that Caltex was not served until 1993, but they were aware of the suit in 1991 at the latest, prior to the district court’s second forum non conveniens dismissal. The defendants should have brought the suit to the attention of the district court. Whether their decision to remain silent was an oversight or a miscalculated tactical decision we do not know. The result however, is that the defendants are now subject to suit in both Louisiana and the Philippines, and much judicial time and energy have been wasted.
The district court did not have sufficient information necessary to make a proper ruling in the Texas litigation. It is the lawyers’ responsibility to supply the courts with this information. Without such forthrightness, justice suffers. It did so here.
Before POLITZ, Chief Judge, and GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, JONES, SMITH, DUHÉ, WIENER, BARKSDALE, EMILIO M. GARZA, DeMOSS, BENAVIDES, STEWART, PARKER and DENNIS, Circuit Judges.*
ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC
March 14, 1996
*575 BY THE COURT:
A member of the court in active service having requested a poll on the suggestion for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc,
IT IS ORDERED that this cause shall be reheard by the court en banc with oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs.

. Judge Stagg reluctantly joins the special concurrence. He is of the opinion that the underly *574 ing case should be tried in the Philippines and nowhere else.

. Further, we note that once the defendants filed their petition to remove the Texas suit to federal court, the plaintiffs neglected to move to remand within thirty days. As a consequence, we concluded that the district court had jurisdiction, without having to decide whether a Death on the High Seas Act claim is removable. See Baris v. Sulpicio Lines, Inc., 932 F.2d 1540, 1543 & n. 3 (5th Cir.), cert. denied, 502 U.S. 963, 112 S.Ct. 430, 116 L.Ed.2d 449 (1991) (“Baris I").